UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WAHUNSENACAWAH
RAOHTANEM,

       Plaintiff,

v.

HASAN,

       Defendant.

_____/

Case No.: 19-12020

David M. Lawson
United States District Judge

Michael J. Hluchaniuk
United States Magistrate Judge

**REPORT AND RECOMMENDATION**
**SCREENING OF PLAINTIFF'S COMPLAINT PURSUANT TO**
**28 U.S.C. § 1915(e)(2)**

## I.    PROCEDURAL HISTORY

Plaintiff brought this action *pro se* on July 9, 2019 against defendant FNU

Hasan.  (ECF No. 1).  His application to proceed without prepaying fees or costs

was granted.  (ECF No. 4).  The case was later referred to the undersigned for all

pretrial matters, including screening of the complaint to determine if it should be

summarily dismissed under 28 U.S.C. § 1915(e)(2).  (ECF No. 10).

## II.    DISCUSSION

### A.    Legal Standards

"[T]he court shall dismiss the case at any time if the court determines that ...

the action or appeal ... fails to state a claim on which relief may be granted." 28

U.S.C. § 1915(e)(2)(B)(ii)).  The Rule 12(b)(6) dismissal standard as explained in

*Iqbal* and *Twombly* is applied to determine whether dismissal is warranted under §

1915(e)(2)(B)(ii).  *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010); *see also*

*Pugh v. Norman*, 2017 WL 712751, at *3 (M.D. Tenn. Feb. 23, 2017)).  The

court's ability to *sua sponte* review and dismiss claims applies to both prisoner and

nonprisoner litigants.  *See McGore v. Wrigglesworth,* 114 F. 3d 601, 608 (6th Cir.

1997), overruled on other grounds by *Jones v. Brock,* 549 U.S. 199 (2007)

("Unlike prisoner cases, complaints by non-prisoners are not subject to screening

process required by § 1915A.  However, the district court must still screen the

complaint under § 1915(e)(2)."); *U.S. ex. Rel. Donaldson v. Conservation*

*Resource Alliance*, 2006 WL 695674 at *6 (E.D. Mich. March 14, 2006);

*Gebremariam v. City of Nashville Police Dep't*, 2016 WL 2854362 at *1 (M.D.

Tenn. May 16, 2016).

        To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must first

comply with Rule 8(a)(2), which requires "'a short and plain statement of the claim

showing that the pleader is entitled to relief,' in order to 'give the defendant fair

notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atlantic*

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S.

41, 47 (1957)).  A plaintiff is also obliged "to provide the grounds of his

entitlement to relief," which "requires more than labels and conclusions, and a

formulaic recitation of the elements of a cause of action will not do." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555 (citations and quotation marks omitted)).

The Supreme Court has raised the bar for pleading requirements beyond the old "no-set-of-facts" standard of *Conley v. Gibson*, 355 U.S. 41, 78 (1957), that had prevailed for the last few decades. *Courie v. Alcoa Wheel & Forged Products*, 577 F.3d 625; 2009 WL 2497928, *2 (6th Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)); *see also Twombly*, 550 U.S. at 555. In *Iqbal*, the Supreme Court explained that a civil complaint only survives a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 677. The Sixth Circuit observed that this updated standard is designed to screen out cases that, while not utterly impossible, are "implausible." *Courie*, at *2. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. And although the Court must accept all well-pleaded factual allegations in the complaint as true, it need not "'accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see also Iqbal*, 556 U.S. at 678.

The pleadings of *pro se* litigants are held to a less stringent standard than those drafted by attorneys, and as a consequence, should be liberally construed. *See Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011).  Nevertheless, *pro se* litigants remain subject to the Federal Rules of Civil Procedure.  Courts are not expected to devise a claim where the plaintiff has failed to articulate one in him pleadings.  *Brown v. Matauszak*, 415 Fed. Appx. 608, 613 (6th Cir. 2011).

B.    Analysis

Plaintiff's complaint is rather bare.  He indicated that this is a federal question personal injury – product liability case on the civil cover sheet to his complaint.  (ECF No. 1, PageID.11).  His indication that this is a products liability case appears to be in error, as there is absolutely no connection between the allegation in the complaint and a products liability claim.

In the body of the complaint, plaintiff states that the basis for federal question jurisdiction is "1791 Constitution for the United State [sic]: Amendment X" and "1796 Treaty of Tripoli, Article II."  (*Id.* at PageID.4).  He seeks $2,500,000.00 in damages for his claim, the entirety of which is as follows: "I am suing Ms. Hasan to become my own representative payee.  Person denied me the right to self-determination in becoming my own representative payee."  (*Id.* at PageID.5).  In the request for relief, he adds that the $2.5 million is for "causing a permanent disability in accordance with Pope Francis issued civil orders from June

4

10th 2014." (*Id.* at PageID.6).  Attached to complaint is document proclaiming the rights of indigenous peoples.  (*Id.* at PageID.8-9).  The defendant is FNU Hasan, who plaintiff describes as "manager."

Upon review of the complaint, the undersigned concludes that it does not state a plausible claim for relief.  First, there is no showing of how Hasan violated the Tenth Amendment or the Treaty of Tripoli, or how the Amendment or the treaty applies here.  Second, plaintiff did not provide any factual allegations in support of his conclusory assertion that he is entitled to be his own payee.  Indeed, there are no factual allegations that explain the context of the representative payee contention.  Again, courts are not expected to devise a claim where the plaintiff has failed to articulate one in his pleadings.  *Brown v. Matauszak*, 415 Fed. Appx. 608, 613 (6th Cir. 2011). The undersigned is mindful that a *pro se* litigant's pleadings are to be held to less stringent standards, but plaintiff's complaint simply does not allege any facts that, if proven, would entitle him to relief.[1]

## III.   RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE.**

---

[1] On the same day plaintiff filed this case—July 9, 2019—he filed four others.  *See* Case Nos. 19-12021, 19-12022, 19-12025, and 19-12023.  In these cases, plaintiff listed the 10th Amendment to the Constitution and the 1796 Treaty of Tripoli as the basis for jurisdiction.  All four of these cases were dismissed under 28 U.S.C. § 1915 for failure to state a claim or lack of subject matter jurisdiction for reasons identical to those presented in this report and recommendation.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  February 28, 2020                s/Michael J. Hluchaniuk
                                        Michael J. Hluchaniuk
                                        United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on February 28, 2020, I electronically field the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record and that I have mailed by United States Postal Service to the following non-ECF participant: Wahunsenacawah Raohtanem, 10116Aurora, Detroit, MI 48024.

                                        s/ Durene Worth
                                        Case Manager
                                        (810) 341-7881
                                        durene_worth@mied.uscourts.gov